OPINION
Defendants-appellants Jeffrey D. Voss, et al. appeal the April 3, 2001 Judgment Entry entered by the Delaware County Court of Common Pleas, granting judgment in favor plaintiffs-appellees Liberty Township Board of Trustees, et al. on their complaint for injunctive relief.
 STATEMENT OF THE FACTS AND CASE
On May 10, 1993, appellants filed an Application for Amendment of Zoning Map, seeking to rezone property they were purchasing at 10136 Sawmill Road, Powell Ohio, from farm residential to commercial. A house existed on the property at the time of the application. Appellants intended to, and eventually did, construct a facility for the operation of an outdoor power equipment business.
On June 2, 1993, the Liberty Township Zoning Commission conducted a meeting to consider an amendment to appellants' application, seeking to zone the property a planned commercial district. The Commission tabled the review of the application until June 16, 1993, at which time appellants indicated the existing house on the property would remain residential "until such time as it is destroyed." The Commission approved the application with modifications and per the Liberty Township Code. At a trustees meeting on July 8, 1993, the Liberty Township Board of Trustees considered appellants' application in light of the Commission's approval. Appellants indicated the existing house would be used as a residence for two or three years, and would be destroyed by January 1, 2000. The Board passed the resolution, approving the recommendations of the Commission with modifications, which included permitting the existing house to remain a residence until December 31, 1999, at which time it would be removed. The Zoning Inspector sent appellants a letter dated August 30, 1993, confirming the rezoning of the property to "planned commercial."
At a December 18, 1995 meeting of the Board, appellants requested a slight deviation from their development plan to permit the display of playground equipment on the property. The Board approved the deviation, permitting appellants to display up to four sets of playground equipment in front of the existing building.
Subsequently, on July 7, 2000, the Zoning Inspector sent an official notification to appellants, informing them the property was in violation of a number of provisions of the Liberty Township Zoning Resolution. The violations included appellants' failure to remove the house by December 31, 1999, and appellants' failure to submit neon advertising signs for approval, subject to the provisions of the Liberty Township Zoning Code. The Zoning Inspector advised appellants the zoning violations were to be resolved no later than 5:00 p.m. on September 7, 2000. After appellants failed to resolve the violations, appellees filed a complaint in the Delaware County Court of Common Pleas, seeking injunctive relief. The matter came on for hearing on March 9, 2001. Via Judgment Entry filed April 3, 2001, the trial court granted judgment in favor of appellees. The trial court ordered appellants to remove the house within ninety days, and to submit all window signs to appellees for approval within thirty days.
It is from this judgment entry appellants appeal, raising the following assignments of error:
 THE TRIAL COURT ERRED IN ORDERING THAT THE HOUSE ON APPELLANTS' PROPERTY BE REMOVED ON THE BASIS THAT LIBERTY TOWNSHIP BOARD OF TRUSTEES HAD THE AUTHORITY TO ORDER APPELLANTS TO REMOVE THE HOUSE.
 THE TRIAL COURT ERRED IN ORDERING APPELLANTS EITHER TO REMOVE THE SIGNS IN THE WINDOW OR TO APPLY FOR A PERMIT FOR THE SIGNS ON THE BASIS THAT THE LIBERTY TOWNSHIP ZONING RESOLUTION REQUIRES SUCH ACTION.
 I
In their first assignment of error, appellants maintain the trial court erred in ordering the house on the subject property be removed. Appellants challenge the trial court's determination on two grounds. First, appellants assert appellees do not have the authority to order the removal of the house as the structure has not been declared insecure, unsafe, or structurally defective as required by R.C. 505.86. Next, appellants argue their right to retain the house qualifies as a lawful non-conforming use.
In its April 3, 2001 Judgment Entry, the trial court specifically found appellees, as a condition for granting appellants' request for zoning change to "planned commercial," required appellants to remove the house by December 31, 2000. Upon review of the record, we agree with the trial court and find appellants agreed to the removal of the house within a specified time period in order to obtain the necessary change of zoning. Accordingly, appellants are estopped from asserting these arguments.
Assuming, arguendo, appellants were not estopped from asserting the argument, we find there was sufficient evidence to support the trial court's determination the resolution granted appellees authority to order the removal of the house. Appellants argue they only agreed to remove the house if it became a eyesore. Any discussions of such are omitted from the minutes of the meetings. We find the trial court was free to accept or reject this testimony in light of the testimony of other witnesses and the exhibits presented during the hearing.
Appellants' first assignment of error is overruled.
 II
In their second assignment of error, appellants contend the trial court erred in ordering appellants remove the window signs or to obtain approval for the signs, based upon a finding the Liberty Township Zoning Resolution required such approval.
Section 14.07(H) of the Liberty Township Zoning Resolution sets forth the development standards for "planned commercial and office district," which includes the requirement all signs must be in conformity with Article XXII of the Resolution.
Section 22.03 of the Resolution, General Requirements, provides a list of restrictions which "shall apply to all signs located and directed within the Township regardless of type, style, location, design or other classification." Subsection L, which addresses visibility, reads:
 Any interior window signage visible from the outside shall be considered an exterior sign and shall subject to all provisions of the Liberty Township Zoning Code.
Appellants submit the neon window signs fall within the permitted signs not requiring a permit provision of Section 22.04(E).[1] However, Section 22.04 strictly prohibits the illumination of signs which do not require a permit.
We find neon signs, such as the one at issue herein, are "illuminated"; therefore, they must be approved by permit. Accordingly, we find the trial court did not err in ordering appellants to either remove the signs or obtain a permit for said signs.
Appellants' second assignment of error is overruled.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed.
Costs assessed to appellants.
Hon. William B. Hoffman, P.J., Hon. W. Scott Gwin, J., Hon. Julie A. Edwards, J., concur.
[1] Advertising Signs: Advertising signs direct attention to a use, commodity or service. Such signs may be located on the premises where services are sold within a Planned Commercial and Office District, Planned Industrial District, Farm Residential District and Neighborhood Retail District. Such sign must be either a wall or window advertising sign; two (2) advertising signs shall be permitted for each principal structure; and the total sign area shall not exceed twelve (12) square feet.